```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CARMEN SMITH                     :     CIVIL ACTION
                                 :
             v.                  :
                                 :
DELAWARE RIVER                   :
STEVEDORES, et al.               :     NO. 07-1864
```

MEMORANDUM AND ORDER

McLaughlin, J.                                November 10, 2008

      This is an employment discrimination action brought pro se by plaintiff Carmen Smith against four defendants, the International Longshoreman's Association, Local 1291 (the "Union"); Delaware River Stevedores, Inc. ("Delaware River"); Greenwich Terminals, LLC ("Greenwich") and the Philadelphia Marine Trade Association ("PMTA").  Ms. Smith, who works as a longshoreman, alleges she was discriminated against on account of her sex in being chosen for work at her union hiring hall.

      Three of the four defendants have filed motions to dismiss on the ground that Ms. Smith has failed to exhaust her claims against them with the appropriate administrative agency. Greenwich has done so in a motion to dismiss, and Delaware River and PMTA have done so in a motion for summary judgment.[1]  Ms.

---

[1] The defense of failure to exhaust may properly be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).  Ordinarily, a court ruling on a 12(b)(6) motion may not look beyond the allegations of the complaint.  In evaluating

Smith has not filed a response to the motions.  After evaluating the defendants' motions on the merits, the Court will grant both motions and dismiss the moving defendants.  This dismissal is without prejudice to Ms. Smith's right to seek to pursue her claims against the three moving defendants by filing a claim with the Equal Employment Opportunity Commission ("EEOC") or the Pennsylvania Human Rights Commission ("PHRC").  Ms. Smith's claims against the Union will continue in this Court.

I.   FACTUAL BACKGROUND

   A.   Ms. Smith's Allegations

   Ms. Smith's complaint is handwritten and contains a short paragraph in which she describes her claims.  In addition to the paragraph in her complaint, Ms. Smith has also expanded on her allegations in a motion filed with the Court for appointment of counsel and at an on-the-record status conference held September 24, 2007.

---

whether a plaintiff has exhausted her administrative remedies, however, courts routinely consider the plaintiff's administrative filings as public records.  See, e.g, Patton v. S.E. Pa. Transp. Auth., 2007 WL 219938 (E.D. Pa. January 26, 2007); c.f. Lightcap-Steele v. KidsPeace Hosp., Inc., 2006 WL 1147476 at *5 (E.D. Pa. April 27, 2006) (collecting cases).  In deciding a 12(b)(6) motion, a court must accept as true all of the factual allegations of the plaintiff's complaint.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  In deciding a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Because Ms. Smith is proceeding without counsel, the description she gave at the status conference with the Court, rather than her complaint, is the clearest expression of her claims.  At the conference, Ms. Smith explained that she is a member of the defendant longshoreman's Union.  As a Union member, Ms. Smith goes each morning to a hiring center to obtain job assignments.  These job assignments include work for defendants Greenwich and Delaware River.  At the center, job assignments are given out by foremen according to Union seniority.  According to Ms. Smith, these foreman work for Delaware River and Greenwich but are affiliated with the Union.  9/24/07 Tr. at 10-12; see also Pl. Compl.

Ms. Smith alleges that the foreman discriminated against her in assigning work because she was a woman.  Ms. Smith is only a "casual" member of the Union, without much seniority, but she alleges that on many occasions, she was not chosen to work and jobs were filled by male Union members who had the same seniority that she did.  Id.

Ms. Smith also alleges that she was retaliated against for filing grievances with the Union.  This retaliation included being required to take a pre-employment physical, which she failed, causing her to be laid off for three months.  She says after she returned to work, she was paid at a reduced rate.  9/24/07 Tr. at 12-15; Mot. for Appointment of Counsel.

In her handwritten complaint, Ms. Smith also appears to allege that other female union members with less seniority than she had were chosen for job assignments because they flirted with male foremen: "Vickie White hugs all the foremans and she go to work before me and she came after." Ms. Smith also alleges that one foreman named Carl Bass told her that "this is a man's job." Compl.

    B.   <u>Ms. Smith's Proceedings before the EEOC</u>

At the status conference before the Court, Ms. Smith said that she believed that she had filed a charge with the EEOC that named all four defendants in this suit. 9/24/07 Tr. at 18. In their motions, the defendants attach the administrative file from the EEOC concerning Ms. Smith's charge. The file is attached as exhibit G to Greenwich's motion and exhibits 4 to 8 of Delaware River and PMTA's motion.

The EEOC file contains two charge questionnaires. The first is undated, but states that the "most recent harm" complained of took place March 28, 2005. The only defendant named in this first questionnaire is the Union, but in her description of the alleged discrimination she suffered, Ms. Smith also refers to the PMTA. Ms. Smith complains that she was ordered to take a physical in order to continue to work and says that the letter telling her she was required to take a physical

came "from PMTA w[h]ich is a part of [her] job." Ms. Smith also complains that men with less seniority were given jobs instead of her and that she was told that she could not do certain jobs because those jobs were only for men.

The second charge questionnaire in the file is dated August 28, 2006. It names as defendants both the Union and the PMTA, but does not give a useable address for the PMTA. In this questionnaire, Ms. Smith complains that "Carl Bass" gave work to his stepson and his friends rather than to Ms. Smith or another female longshoreman, Candace Payne.

The formal charge of discrimination in the EEOC file is dated September 6, 2006, and signed by Ms. Smith. The charge names only the Union as a defendant and complains of sex/gender discrimination. The charge states that Ms. Smith has received fewer work hours than several named employees, both male and female, who have less seniority, and states that the reason they receive more work hours is nepotism and because the female workers with less seniority are providing sexual favors to the foremen. The charge does not mention PMTA, Delaware River, or Greenwich. The file shows notice of the charge of discrimination was sent to the Union on September 28, 2006.

Ms. Smith received a right-to-sue letter from the EEOC on March 21, 2007, stating that the EEOC had been unable to conclude that the relevant anti-discrimination statutes had been

violated.  Ms. Smith requested reconsideration of the EEOC's decision and that request was denied May 10, 2007.  Ms. Smith then filed this suit on June 12, 2007.

II. ANALYSIS

Ms. Smith has brought claims of sexual discrimination and retaliation against her Union and three employers.  Although Ms. Smith does not specify the statute under which she seeks to bring these claims, the right to sue letter attached to her complaint refers to Title VII, 42 U.S.C. § 2000e, et seq., the federal statute that protects against race-based, ethnicity-based, religion-based, or gender-based discrimination in the workplace.  The Court will therefore analyze Ms. Smith's complaint under Title VII.

A. Exhaustion of Administrative Remedies

In order to bring a Title VII claim, plaintiffs must first exhaust their administrative remedies "before they will be allowed access to federal judicial relief."  Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000).  The purpose of the exhaustion requirement is to give the EEOC or other administrative agency the opportunity to resolve disputes through a settlement or compromise between the parties and to avoid unnecessary action in court.  Antol v. Perry, 82 F.3d 1291, 1296

(3d Cir. 1996). To properly exhaust administrative remedies with respect to a particular defendant, that defendant must ordinarily have been named in the EEOC's charge. Schafer v. Bd. of Pub. Educ., 903 F.2d 243, 251 (3d Cir. 1990) ("A Title VII action ordinarily may be brought only against a party previously named in an EEOC action.") (citing 42 U.S.C. § 2000e-5(f)(1)).

In this case, neither Delaware River nor Greenwich was named in Ms. Smith's formal charge with the EEOC or in her earlier charge questionnaires. PMTA was named in one of the charge questionnaires and mentioned in the other, but was not named in the formal charge.

The fact that PMTA was named in one of Ms. Smith's charge questionnaires does not satisfy the exhaustion requirement as to PMTA. The charge questionnaire provides information from which the EEOC prepares a formal charge of discrimination. It is the formal charge that triggers the EEOC's responsibility to investigate the charging party's claim and provides the named respondent with an opportunity to respond. 42 U.S.C.A. § 2000e-5 (stating that, after a formal charge is filed, the EEOC is required to serve the charge on the named respondent, begin an investigation, and if warranted, begin informal efforts to resolve the matter through conference, conciliation and persuasion).

Because PMTA was only named or mentioned in Ms. Smith's questionnaire, but not in her formal charge, PMTA was not served with notice and had no opportunity to respond to the EEOC's inquiry or participate in informal conciliation. Naming PMTA only in the questionnaire therefore does not satisfy the purpose of the exhaustion requirement.[2]

B.  The Limited Exception to the Exhaustion Requirement

The United States Court of Appeals for the Third Circuit has recognized a limited exception to the general rule that a party must be named in an EEOC charge in order for the plaintiff to have exhausted her administrative remedies with respect to that party. This exception applies where the "unnamed party received notice [of the plaintiff's claim] and where there is a shared commonality of interest with the named party." Shafer, 903 F.2d at 252. In determining whether the unnamed party shared a commonality of interest with the named defendant, the court of appeals has set out four factors to be considered:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the

---

[2] Some courts have found the exhaustion requirement satisfied where a defendant is mentioned by name in the body of the formal charge, but is not named in the caption as a respondent. See, e.g., DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 431-32 (E.D. Pa. 2007). Here, the description in Ms. Smith's formal EEOC charge does not mention PMTA, Delaware River, or Greenwich.

>filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar to [those of] the unnamed party that for purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Shafer, 903 F.2d at 252 n.7 (quoting Glus v. G.C. Murphy Co., 562 F.2d 880, 885 (3d Cir. 1977), vacated on other grounds, 451 U.S. 935 (1981)) (citations, internal quotations and bracketed changes omitted).

Here, the first element of the exception has not been met. Nothing in the materials before the Court, including Ms. Smith's complaint, the submissions of the moving defendants, or the EEOC file, indicates that PMTA, Delaware River, or Greenwich had notice of Ms. Smith's EEOC charge until this complaint was filed.

Even if the notice requirement were satisfied, there is not a sufficient commonality of interest between the Union and the three unnamed defendants for the exception to apply. Of the four factors set out in Glus, the first two weigh against finding a commonality of interest here.

Ms. Smith knew or could have known about the role that PMTA, Delaware River, and Greenwich allegedly played in the

alleged discrimination against her at the time she filed her EEOC charge.  PMTA was named in Ms. Smith's questionnaire, and Ms. Smith stated at the September 24, 2007, status conference that she believed that she had named all four defendants as respondents before the EEOC, indicating she knew of their involvement at that time.  9/24/07 Tr. at 18.

As to the second factor, the interests of the Union here are not so similar to those of PMTA, Delaware River, or Greenwich that it would be unnecessary to include them in conciliation.  The EEOC file attached to the defendants' motions shows that the Union's response to Ms. Smith's charge argued, in part, that the PMTA, not the Union controlled the hiring process at its hiring center and that the foremen at issue were "not Local 1291 employees, but supervisory employees of PMTA member companies" like Delaware River and Greenwich.  January 9, 2007, Letter to Rudolph White of the EEOC from Hannah Schwarzschild at 3-5, attached as Ex. 4 to Delaware River and PMTA's Motion and as Ex. G. to Greenwich's Motion.  Because the Union sought before the EEOC to shift any responsibility for alleged discrimination or retaliation on to PMTA, Delaware River, and Greenwich, the presence of the three unnamed defendants would have been necessary, or at least very helpful, to resolving Ms. Smith's claims through informal conciliation.

Of the remaining two factors, one weighs in favor of finding the exhaustion requirement excused. None of the three moving defendants argues that they suffered any actual prejudice from not being named in Ms. Smith's proceeding before the EEOC, and this weighs in favor of excusing the exhaustion requirement.

The final factor is "whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." The Court interprets this as asking whether, based on representations made to her, Ms. Smith could have reasonably believed that by naming the Union in her formal charge, she was also naming PMTA, Delaware River, and Greenwich. Because nothing in Ms. Smith's complaint or her statements to the Court or in the defendants' submissions addresses any representations made to her by the Union or the moving defendants, the Court lacks sufficient information to determine whether this factor is met.

Considering all four factors, the Court finds that neither PMTA, Delaware River, nor Greenwich shares a sufficient commonality of interest with the Union to warrant an exception to the requirement that Ms. Smith exhaust her administrative remedies as to each defendant. Ms. Smith's claims against PMTA, Delaware River, and Greenwich will therefore be dismissed for failure to exhaust. This dismissal will be without prejudice, meaning that Ms. Smith may seek to exhaust her remedies against

these three dismissed defendants by pursuing a claim against them with the EEOC.

    C.    <u>PMTA's Argument that It is not an Employer</u>

As an alternative argument for dismissing Ms. Smith's claims, PMTA argues in its motion for summary judgment that it cannot be liable to Ms. Smith for discrimination or retaliation because it was not her employer and because it did not run the hiring center from which she obtained employment.  Title VII proscribes unlawful employment practices only by employers, potential employers, employment agencies, and labor organizations.  42 U.S.C. § 2000e-2.

In support of its motion, PMTA has presented an affidavit by its Vice President, Patrick Dolan, stating that the PMTA is a multi-employer bargaining association that represents its members in negotiations with the International Longshoremen's Association, and that the PMTA never employed Ms. Smith and plays "no role" in the selection of workers at the union hiring center. Dolan Aff., PMTA Mot. at Ex. 8.

Mr. Dolan's affidavit contradicts the position taken by the Union in the response it filed with the EEOC to Ms. Smith's discrimination charge.  In its response, attached to the PMTA's motion at Exhibit 4, the Union stated that "[t]he PMTA, not the Union controls all aspects of hiring and assignment of work

-12-

hours" for Union workers hired through the hiring center.  This contradiction creates a genuine issue of material fact that the Court cannot resolve on summary judgment.

An appropriate Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARMEN SMITH                    :    CIVIL ACTION
                                :
            v.                  :
                                :
DELAWARE RIVER                  :
STEVEDORES, et al.              :    NO. 07-1864
```

ORDER

AND NOW, this 10th day of November, 2008, upon consideration of the Motion to Dismiss of Defendant Greenwich Terminals, LLC (Docket No. 33) and the Motion for Summary Judgment of Defendants Delaware River Stevedores, Inc. and Philadelphia Marine Trade Association (Docket No. 34), IT IS HEREBY ORDERED, for the reasons set forth in the accompanying memorandum of law, that the Motions are GRANTED.

Defendants Greenwich Terminals, LLC, Delaware River Stevedores, Inc., and Philadelphia Marine Trade Association are DISMISSED from this action because of the plaintiff's failure to exhaust her administrative remedies.  This dismissal is WITHOUT PREJUDICE, which means that the plaintiff may, if she chooses, seek to file administrative charges against these three dismissed defendants with the Equal Employment Opportunity Commission or the Pennsylvania Human Rights Commission and seek to exhaust her administrative remedies against these defendants.

The Court will issue a separate order setting a date for a status conference with the plaintiff and the remaining defendant, International Longshorement's Association, Local 1291, to discuss how to proceed with this case.

BY THE COURT:


<u>/s/ Mary A. McLaughlin</u>
MARY A. McLAUGHLIN, J.